[Civ. No. 3353. First Appellate District, Division Two.—April 20, 1920.]

## WALTER A. MAYR, Respondent, v. W. J. REYNOLDS et al., Defendants; R. H. RAPHAEL et al., Appellants.

[1] PLEDGE—AGREEMENT OF PLEDGEHOLDER TO HOLD PROPERTY—ESTOPPEL.—In this action to establish a first lien in plaintiff upon certain automobile material which, notwithstanding a prior pledge thereof, was pledged to plaintiff as security for a loan, it having been represented to plaintiff that the property had been freed from all prior liens and the corporation pledgeholder, by its president, having agreed to honor only such orders with reference to the delivery of the material as might be issued by plaintiff, the trial court properly held that the corporation pledgeholder was estopped to deny the binding character of the contract made by its president to hold the property subject to plaintiff's orders, and that such president, as an individual, to whom the first note and the interest of the payee therein in the pledge of the security was assigned, and who, through an agent or employee, had purchased the property on a sale thereof to satisfy such first pledge, was estopped to deny that he was bound by the contract of the pledgeholder to hold the property unconditionally for plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hollzer & Greenberg for Appellants.

Stephens & Stephens for Respondent.

NOURSE, J.—This is an appeal by defendant R. H. Raphael from a judgment in favor of plaintiff establishing

a first lien in plaintiff upon certain automobile material, and decreeing foreclosure thereof to satisfy plaintiff's claim.

The facts material to the opinion are that on the twenty-fifth day of July, 1916, the Merchants Finance Company, a corporation, loaned to the Beardsley Electric Company, a corporation, $1,926.45, evidenced by a promissory note in that amount secured by a pledge of the automobile material, which by agreement of the parties was deposited with the defendant R. H. Raphael Realty Company, a corporation; that on the twenty-fifth day of August, 1916, a month after this property had been so pledged and stored in premises leased by and under the possession of the Realty Company, the Beardsley Electric Company borrowed from plaintiff the sum of five thousand dollars, evidenced by its four promissory notes and secured by a pledge of the same material; that before this loan was made the plaintiff learned of the existing claim and lien of the Merchants Finance Company and demanded that the property be cleared either by payment of the existing loan or by release of the security. This he was assured had been done, and as evidence thereof a receipt in the words following was delivered to him by a representative of the Beardsley Electric Company upon his payment to that company of the sum of five thousand dollars: "Received of Walter A. Mayr $35.00, being one month's rent of one-story brick building located at Eighth & Kohler streets. In addition to the rental for the use of this building, I agree to act as custodian for the electric vehicle material stored therein with respect to count and delivery of it, and I agree to honor only such orders as said Walter A. Mayr may issue to me as to the delivery of said material. R. H. Raphael Realty Co. By R. H. Raphael, Pres."; that on the twentieth day of March, 1917, the Merchants Finance Company sold and assigned to the defendant Raphael as an individual the note of the Beardsley Electric Company which it held, together with its interest in the pledge of the security; that thereafter the Beardsley Electric Company became insolvent and the defendants Raphael and Raphael Realty Company, without notice to plaintiff or to any other person than certain individuals who were acting as agents and employees of these defendants, caused a pretended sale of said property to be made to an agent and employee of said Raphael for two thousand dollars,

although on numerous occasions Raphael had represented to the plaintiff that the value of said property was more than twenty thousand dollars. The trial court found that the Raphael Realty Company, without consideration and in violation of its duty to plaintiff, and for the purpose of defeating the rights of plaintiff, had parted with the possession of the pledged property; that by reason of the circumstances heretofore recited the pretended sale was void and of no effect; that the property was actually in the possession of agents and employees of the defendant Raphael; that said defendant was estopped to deny that he held the security unconditionally for the plaintiff, and that the defendant Raphael Realty Company, by its failure to repudiate the action of its president, and by its retention of the property without any attempt on its part to exonerate itself after having full knowledge of plaintiff's claims and the assurances given to him, was further estopped to deny the binding character of the contract referred to as the "receipt" executed in the name of the company by R. H. Raphael. Upon these findings the court drew the conclusion that plaintiff's claim constituted a lien upon the pledged material prior and superior to any lien of any of the defendants, and gave judgment accordingly. The defendant R. H. Raphael alone appealed.

[1] He attacks the judgment upon the ground that the trial court erroneously held that he was estopped to deny the validity of the pledge of the property made to respondent. The position of the trial judge upon this branch of the case is made clear by his oral opinion rendered at the close of the trial as quoted in appellant's opening brief: "Then the question as to the priority of liens—there is no conflict in the evidence. It appears, as it seems to me, without any conflict, that at this time the Merchants Finance Company did have a valid pledge of these goods which was made in good faith and for value. The Merchants Finance Company itself has never done anything to surrender that pledge or to give any one else priority, and if it still held that note or if it had conducted that sale and bought in the property itself, or caused it to be sold by some process to any third party, who bought it without notice or knowledge of the peculiar circumstances existing between Mr. Raphael and Mr. Mayr, there would be no question in my mind whatever

but that it took precedence of Mr. Mayr's claim here. But we have the curious circumstance that the only man claiming under or by virtue of that Merchants Finance Company lien at this time is Mr. Raphael himself, and, as I have said, it appears to me that he is estopped to deny that Mr. Mayr's pledge was a valid pledge. He is estopped to deny that the Raphael Realty Company did take and hold this property as pledgeholder for Mr. Mayr, undertaking to deliver it solely upon his order, which, as it now seems to me, would warrant this court in finding as against Mr. Raphael that the Raphael Realty Company was then the pledgeholder for Mr. Mayr; and if that finding is warranted, then it seems to me it follows, as a rule of law or a rule of equity rather, that not merely the Raphael Realty Company but Mr. R. H. Raphael, as president of that company and the mouthpiece through which it spoke and the arm through which it acted, are estopped by the relationship of trust and confidence thereby created by them existing between him and his company on the one hand and Mr. Mayr on the other from secretly obtaining any advantage to himself adversely to Mr. Mayr.''

The relationship of the appellant during the entire transaction is clearly presented by the evidence. He was vice-president of the Beardsley Electric Company, the borrower of the first loan from the Merchants Finance Company, of which he was also vice-president. He was also vice-president of the Beardsley Electric Company when it negotiated the loan from respondent. He was president of the R. H. Raphael Realty Company, the pledgeholder under both pledges; president of the lessor of the warehouse where the goods were stored; member of the partnership whose employee was the nominal purchaser at the invalid sale, and was the real purchaser at that sale, which was conducted and participated in by persons wholly under his direction and control. Respondent knew of the relation of appellant to these various concerns, and had every reason to believe and rely upon the promises and assurances given him by appellant. That respondent made the loan only upon the written assurance of appellant that he would hold the material in controversy subject only to respondent's order, and upon the repeated assurances that the property was free from all other claims excepting freight and other minor charges which

respondent was assured would be immediately paid, is not controverted. All the facts necessary to estop appellant were present. "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it." (Code Civ. Proc., sec. 1962, subd. 3.)

Appellant attempts to escape the unavoidable conclusion that he was estopped under these circumstances by the argument that, if any estoppel exists, the corporation Realty Company and not the appellant individually is estopped; but at the trial he urged that the Realty Company was not estopped because the receipt given respondent was executed by him without authority of the corporation. But the court found that he was the president of the corporation and that the other stockholders left the affairs of the corporation to him, and that it was the custom and practice of the corporation not to question his acts; furthermore, in this particular instance, the corporation, well knowing that the receipt had been issued, made no attempt to repudiate it until an amended answer was filed in this proceeding by a minority stockholder acting without authority of the other stockholders but under advice of counsel for the appellant. The corporation thus ratified the acts of its president and retained the benefits of his contract.

Upon this evidence the trial court correctly concluded that the corporation was estopped from denying the binding character of the contract made by the appellant as its president and that appellant as an individual was estopped to deny that he was bound by the contract to hold the goods unconditionally for respondent.

For these reasons the judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.